### 11533.   BENNETT *v.* THE STATE.

A conviction of trespass was authorized by the evidence.   LUKE, J., dissents.

DECIDED MARCH 10, 1920.

Indictment for misdemeanor; from city court of Alma — Judge L. D. Luke.   March 10, 1920.

The indictment charged that T. H. Bennett unlawfully cut and felled timber on uninclosed lands of Joseph Johnson.   On the trial

the State introduced in evidence a deed from the American Tie and Timber Company, dated December 10, 1917, by which the land described in the indictment was conveyed to Joseph Johnson; and Johnson testified, that on or about December 20, 1917, after he had purchased the land, some twenty pieces of timber were cut from it by the defendant, and that he did not sell or give it to the defendant, and the defendant had no right to cut it. He further testified: "I saw his hands in the woods cutting timber, and I showed them my lines before they cut my timber. . . I did not see this timber cut. . . When I asked the defendant about this timber being cut he told me he had a lease from the American Tie and Timber Company, and that he had paid their agent, J. H. Harvey, for the same, and for me to call on J. H. Harvey to pay for this timber, and Harvey would pay for the same. I called on J. H. Harvey and he did not pay me for the timber, and I did not ask the defendant to pay for the same after that time." The defendant in his statement at the trial said: "During the fall of 1917 I was in the cross-tie business, and I had a lease from American Tie and Timber Company, through their agent, J. H. Harvey, and, while cutting timber near the line and next to the lands of Joe Johnson, some of my hands got across the line and cut a few pieces of timber belonging to Joe Johnson. Mr. Johnson advised me that this timber had been cut by my hands. I told him that I had bought this timber from John Harvey as agent for the American Tie and Timber Company, and for him to see John Harvey. This is a malicious prosecution. Joe Johnson appeared before the grand jury several times before he was able to indict me, and he never asked me for pay for this timber, and he threatened to kill my hands if they hauled timber through his lane while working for me." Johnson, in rebuttal, testified: "I have heard what the defendant stated, and deny truthfulness of the same; it is not a malicious prosecution, and I did not threaten to kill Bennett's hands."

*I. J. Bussell,* for plaintiff in error.

BLOODWORTH, J. "In this case the motion for a new trial contained only the usual general grounds. There was some slight evidence authorizing the verdict; and the verdict having been approved by the trial judge, under the repeated and uniform rulings of this court and of the Supreme Court a reviewing court is

powerless to interfere. When the verdict is apparently decidedly against the weight of the evidence, the trial judge has a wide discretion as to granting or refusing a new trial; but whenever there is any evidence, however slight, to support a verdict which has been approved by the trial judge, this court is absolutely without authority to control the judgment of the trial court." *Bradham* v. *State*, 21 *Ga. App.* 510 (94 S. E. 618), and cit.

　　　　　　　*Judgment affirmed. Broyles, C. J., concurs.*

　　LUKE, J., dissenting. I do not agree with the majority view that the evidence in the case supports the verdict. The defendant was charged with criminal trespass. The evidence fails to show a wilful trespass as charged.